## McLain v. Short.

### Opinion delivered June 28, 1920.

1. GUARDIAN AND WARD—PERSONS WHO MAY BE APPOINTED.—Other things being equal, the next of kin, rather than strangers, are preferred as guardians of children.

2. GUARDIAN AND WARD—NEXT OF KIN PREFERRED.—It was error to appoint a stranger guardian of a child when his grandfather was an applicant and was not shown to be an unsuitable person.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; reversed.

*C. E. Elmore* and *Oscar E. Ellis,* for appellant.

It having been determined by the court trying the case that the only grounds of objection to appellant to be appointed guardian was tuberculosis and the evidence having utterly failed to sustain that issue, and appellant

being competent and of blood kin to the orphans and appellee being of no kin but a stranger by blood, the court erred in refusing to appoint appellant guardian of the orphans. 18 Ark. 600; 22 *Id.* 368; 92 Iowa 202; Woerner on Guardianship, § 32; 10 Sm. & M. (Miss.), 624; Hopkins, Chy., 226; 44 Ga. 485; 63 Mich. 319; 14 *Id.* 249; 45 Atl. 980; 2 N. J. Eq. 78; 146 Pa. St. 585; 2 Atl. 315; 25 Miss. 290; 9 A. & E. Enc. L. 92.

HUMPHREYS, J.   On the 17th day of June, 1918, appellant, the paternal grandfather of William Custer McLain, six years of age, and James Luster McLain, four years of age, filed a petition in the probate court of Fulton County for appointment as guardian of their persons and property.   Letters of guardianship were issued to him in vacation, by the clerk, and he qualified as guardian.

At the August, 1918, term of said court, a remonstrance against the confirmation of the appointment of appellant as guardian of said minors, which remonstrance had been filed on July 12, 1918, by Rilda Brewington, the maternal grandmother of said minors, was considered by the court, who refused to confirm the appointment of appellant as guardian, and rejected the letters of guardianship theretofore issued to him by the clerk.   From that order, appellant duly prosecuted an appeal to the circuit court.   At the same term of the probate court, appellee, a distant relative of the minors, by marriage, on his written application, was appointed guardian of their property and persons by the court. From that order, appellant also duly prosecuted an appeal to the circuit court.

In the circuit court, the causes were consolidated and transferred to the chancery court.   During the pendency of the litigation, the temporary custody of the minors was awarded to their maternal grandmother, aforesaid.   A decree, rendered in the chancery court, awarding the custody of the children to appellee was reversed by the Supreme Court on the ground that the

chancery court had no jurisdiction of the cause on appeal from the probate court, and the cause was remanded with directions to transfer it to the circuit court. The cause was tried *de novo* in the circuit court, which resulted in an affirmance of the judgment rendered in the probate court. From the judgment of affirmance, an appeal has been duly prosecuted to this court.

The facts developed in the trial are, in substance, as follows: Appellant's son, Preston McLain, was the father of said minors. He died in April, 1915, at his own home, of tuberculosis, contracted while waiting on a neighbor. Soon thereafter, his widow, Betsie McLain, and children went to live with her mother, Rilda Brewington, who owned a small farm and a little personal property. In May, 1918, Betsie McLain also died with tuberculosis. Two married daughters of appellant died with tuberculosis—one away and the other at his home. The one who died at home was there six weeks during her last illness. She was under the treatment of a specialist, and every precaution was used to prevent the spread of the disease. Her sputum was burned twice a day. After her death, the room she occupied, with all of its contents, was thoroughly fumigated with sulphur and formaldehyde. Appellant's immediate family consisted of himself, wife and eight children. The family was regarded as hale and hearty. The services of a physician in the family had only been necessary on two occasions for temporary ailments within the past seven years. Dr. R. S. Spears, of West Plains, Missouri, and Dr. Stewart, Superintendent of the Arkansas Tuberculosis Sanatorium, testified, in response to hypothetical questions relative to the condition and history of appellant's family, that there would be no risk or danger to the health of the children if removed to the home of appellant. Appellant was 51 years of age at the time he gave his testimony, and owned a farm of the value of $8,000, and personal property of the value of $3,500. The children have no property of their own, and it is appellant's purpose to take them into his own home and rear them.

Appellee is no blood kin to the minors. His wife is their distant cousin. He supplied the money to pay the burial expenses of their mother, Betsie McLain. After obtaining letters of guardianship, he left them with their grandmother, where they have been since the death of their father. Appellee visits them on an average of twice a month and has contributed many times toward their support, on account of his friendship for their grandmother. The grandmother looks after the children and has been sending the elder one to school—the younger not being of scholastic age. The judgment of the circuit court contains the recital that there is no evidence that appellant's family has tuberculosis; that appellee is extremely friendly to Rilda Brewington, and, because of said friendship, the court could not say the probate court abused its discretion in appointing appellee as guardian.

We think the circuit court was in error in affirming the action of the probate court. So far as the record discloses, both appellant and appellee are proper and suitable persons to be appointed guardian over said minors. Appellant is of blood kin,—their own grandfather; appellee is of no blood kin, and, save the distant relationship by affinity, is what the law terms a stranger. All other things being equal, the general rule of law is that the next of kin, rather than strangers, are preferred as guardians over children. The rule is well stated by Mr. Woerner on Guardianship. It is as follows: "After the parents the next of kin are preferred as guardians of children under fourteen. * * * The appointment of a stranger, where a relative also applies who is not shown to be unsuitable, is error, which will be reversed on appeal." Section 32.

Viewing the situation from the standpoint of the best interest of the children, the custody should be awarded to the grandfather. He is in the prime of life, able and willing to rear them in his own home. The children are both boys and will not only receive the care of a mother during their tender years, but the advice and

admonition of a father. Should appellant die, they would likely be regarded as a part of the family and find a protector related by consanguinity.

On the other hand, if left with their maternal grandmother, while they will receive the mother care and influence, yet they will grow into boyhood and manhood without the counsel and restraining influence of a father. Should she die, they would be without a home, or protector related by consanguinity.

So, also, their opportunities will be somewhat enlarged if placed in the custody of their grandfather, and limited, to some extent, if left in the custody of their grandmother.

Reading the future in the light of the wisdom of the past, it was to the best interest of the children to confirm the appointment of appellant as guardian, and the probate court should have done so in the exercise of a sound discretion. For the manifest error in not doing so, the judgment of the circuit court is reversed with direction to reverse the action of the probate court and to remand the cause to said court with instruction to appoint appellant as guardian of said orphans.

SMITH, J., dissenting.